**jackson|lewis**
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
3800 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169
Tel 702 921-2460
Fax 702 921-2461
www.jacksonlewis.com

ALBANY, NY
ALBUQUERQUE, NM
ATLANTA, GA
AUSTIN, TX
BALTIMORE, MD
BIRMINGHAM, AL
BOSTON, MA
CHICAGO, IL
CINCINNATI, OH
CLEVELAND, OH
DALLAS, TX
DAYTON, OH
DENVER, CO
DETROIT, MI
GRAND RAPIDS, MI

GREENVILLE, SC
HARTFORD, CT
HONOLULU, HI*
HOUSTON, TX
INDIANAPOLIS, IN
JACKSONVILLE, FL
KANSAS CITY REGION
LAS VEGAS, NV
LONG ISLAND, NY
LOS ANGELES, CA
MADISON, WI
MEMPHIS, TN
MIAMI, FL
MILWAUKEE, WI
MINNEAPOLIS, MN

MONMOUTH COUNTY, NJ
MORRISTOWN, NJ
NEW ORLEANS, LA
NEW YORK, NY
NORFOLK, VA
OMAHA, NE
ORANGE COUNTY, CA
ORLANDO, FL
PHILADELPHIA, PA
PHOENIX, AZ
PITTSBURGH, PA
PORTLAND, OR
PORTSMOUTH, NH
PROVIDENCE, RI

RALEIGH, NC
RAPID CITY, SD
RICHMOND, VA
SACRAMENTO, CA
SALT LAKE CITY, UT
SAN DIEGO, CA
SAN FRANCISCO, CA
SAN JUAN, PR
SEATTLE, WA
ST. LOUIS, MO
STAMFORD, CT
TAMPA, FL
WASHINGTON, DC REGION
WHITE PLAINS, NY

*through an affiliation with Jackson Lewis P.C., a Law Corporation

MY DIRECT DIAL IS: (702) 921-2486
MY EMAIL ADDRESS IS: JOSHUA.SLIKER@JACKSONLEWIS.COM

**MEMO ENDORSED**

July 25, 2018

VIA ECF

Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 26, 2018

Re: Johnston v. Electrum Partners, LLC et al.
Case No. 1:17-cv-7823 (KPF)

Dear Judge Failla:

We represent Defendants Electrum Partners, LLC ("Electrum") and Leslie Bocskor ("Bocskor") in the above-referenced matter. We write in response to Plaintiff's correspondence dated July 20, 2018 (ECF No. 35) seeking a pre-motion conference to file a motion to lift the stay to: (1) seek disqualification of Jackson Lewis P.C.; and (2) have the court reconsider its ruling on Defendant's Motion to Dismiss, or alternatively, Stay Case in Favor of Arbitration and consider evidence obtained at the recent deposition of Ms. Johnston. For the reasons stated below, Defendants oppose Plaintiff's proposed motions and Plaintiff's request should be denied.

**Disqualification of Jackson Lewis P.C.**

On or about May 1, 2008, Jackson Lewis, LLP (the predecessor to Jackson Lewis P.C.) was retained by Chubb Group of Insurance Companies ("Chubb") to represent Pamela Johnston, Inc. ("PJI"), an entity that had been purchased by Chubb's insured @Aquila, regarding a Charge of Discrimination filed with the New York State Division of Human Rights ("NYSDHR"). The Charge had been filed by Charis Atlas Heelan, a former contractor of PJI, on January 1, 2008, and alleged discrimination on the basis of sex (pregnancy) and retaliation for opposing discrimination (the "Heelan matter").

David S. Greenhaus, Esq., a partner in Jackson Lewis' Long Island, New York office handled the representation of PJI. On July 20, 2009, Mr. Greehaus submitted a position statement to the NYSDHR on behalf of PJI. Subsequently, PJI and Ms. Heelan executed a Settlement Agreement and General Release on May 5, 2010 which brought the case to a close. Jackson Lewis's representation of PJI was limited solely to the Heelan matter.

Motions to disqualify are viewed with disfavor "because they are often interposed for tactical reasons and result in unnecessary delay." Ello v. Singh, No. 05-CV-9625 (KMK), 2006 U.S. Dist. LEXIS 55542, at *2 (S.D.N.Y. Aug. 7, 2006) (citation omitted). The party moving to disqualify an attorney has "a high standard of proof" and bears "the heavy burden of proving facts required for disqualification." Evans

v. Artek Sys. Corp., 715 F.2d 788, 791, 794 (2d Cir. 1983) (citations omitted). "Disqualification is only warranted in the rare circumstance where an attorney's conduct 'poses a significant risk of trial taint.' " Decker v. Nagel Rice LLC, 716 F. Supp. 2d 228, 231-32 (S.D.N.Y. 2010) (quoting Glueck v. Jonathan Logan, Inc., 653 F.2d 746, 748 (2d Cir. 1981)). In analyzing a motion for disqualification, courts must balance a client's right to choose his counsel freely against "the need to maintain the highest standards of the profession." Hempstead Video, Inc. v. Inc. Vill. of Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005).

The Second Circuit has held that in cases of successive representation, an attorney may be disqualified if: (1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client. Hempstead, 409 F.3d at 133 (quoting Evans, 715 F.2d at 791).

Here, despite the fact that Plaintiff waited approximately nine months to raise the disqualification issue, Plaintiff cannot meet her burden to show disqualification is warranted. Indeed, Plaintiff's claim fails at the outset because Plaintiff was not Jackson Lewis' client—it was the entity Pamela Johnston, Inc. See GSI Commerce Solutions, Inc. v. Babycenter, LLC, 618 F.3d 204, 210 (2d Cir. 2010) ("[A] 'lawyer who represents a corporation or other organization does not, by virtue of that representation, necessarily represent any constituent or affiliated organization, such as a parent or subsidiary.' "). Neither PJI nor Ms. Heelan are a party to the instant case.

Next, there is no substantial relationship between Plaintiff's claims in this court and the claims in the Heelan matter.[1] In the instant case, Plaintiff alleges that she was an employee of Electrum and was wrongfully terminated for having Stage IV cancer, and retaliated against for opposing sexual affairs and activities taking place in Electrum's workplace. In contrast, the Heelan matter involved allegations that PJI discriminated and retaliated against Ms. Heelan because she was pregnant and opposed such discrimination. See N.Y. Rule Prof'l Conduct 1.9, cmt. 2 ("A lawyer who recurrently handled a type of problem for a former client is not precluded from later representing another client in a factually distinct problem of that type, even though the subsequent representation involves a position adverse to the prior client.").

Further, Plaintiff's Letter states that whether she is an independent contractor is at issue in this case and that a similar issue (i.e., whether Ms. Heelan was an independent contractor of PJI) existed in the Heelan matter. However, Plaintiff is conflating two distinct fact patterns. Whether Plaintiff is an employee or independent contractor of Electrum is factually unrelated to whether Ms. Heelan was an independent contractor of PJI. In other words, whether Ms. Heelan were an independent contractor or employee of PJI has no bearing on whether Plaintiff is an employee or independent contractor of Electrum. To be sure, Electrum was organized as a limited liability company on January 6, 2014, and Plaintiff and her company Cloud 12 Group, Inc. did not become acquainted with Electrum until late 2015/early 2016.

Moreover, approximately seven years has passed from the time Jackson Lewis' representation of PJI terminated in 2010 to when it began representing Defendants in 2017, and there is no contention that Plaintiff continues to work at PJI or otherwise has any affiliation with the company. Id. at cmt. 3

---

[1] "A pending matter is substantially related to the subject matter of an attorney's prior representation when the relationship between issues in the prior and present cases is patently clear . . . [and when] the issues involved have been 'identical' or 'essentially the same.' " Gurniak v. Emilsen, 995 F. Supp. 2d 262, 272 (S.D.N.Y. 2014) (internal quotations omitted). **"Put differently, a substantial relationship exists when the material facts of the prior representation are necessary to the present litigation."** New York v. Monfort Trust, No. 12-CV-3755, 2014 U.S. Dist. LEXIS 142589, 2014 WL 5018607, at *5 (E.D.N.Y. Oct. 7, 2014) (emphasis added).

("Information acquired in a prior representation may have been rendered obsolete by the passage of time, a circumstance that may be relevant in determining whether two representations are substantially related.").

Finally, to disqualify an attorney "it must be shown that the attorney was in a position where he could have received information which his former client might reasonably have assumed the attorney would withhold from his present client." Gurniak v. Emilsen, 995 F. Supp. 2d 262, 273 (S.D.N.Y. 2014) (quoting Allegaert v. Perot, 565 F.2d 246, 250 (2d Cir. 1977)). Even assuming *arguendo* that Plaintiff was Jackson Lewis' client and received confidential information from her, she cannot show that such confidential information would have any relevance to the issues in the instant case. For these reasons, Plaintiff's bid for disqualification must fail.

### Consideration of Plaintiff's Deposition Testimony

Plaintiff has asked the Court to lift the stay so that she can submit her deposition testimony to call "into question the propriety of sending Plaintiff's claims to arbitration." Letter, p. 1, ECF No. 35. She is essentially seeking to move this Court for reconsideration of its Order staying the case for arbitration. This she cannot do.

As an initial matter, Plaintiff's motion for reconsideration is untimely. Motions for reconsideration are governed by Local Civil Rule 6.3 which requires such motions to "be served within fourteen (14) days after the entry of the Court's determination of the original motion." The Court's Order was served on June 21, 2018 (ECF No. 34). Plaintiff letter request was served 29 days later on July 20, 2018—14 days late. Defendants note that Your Honor's Individual Rules of Practice in Civil Cases, 4.A, specifically state that "[t]he submission of a pre-motion letter does not stay any future deadlines . . . ."

Additionally, Plaintiff explicitly agreed that she would not submit any evidence gained during the course of limited discovery, e.g., her deposition testimony, for the purposes of opposing Defendants' Motion to Dismiss, or alternatively, Motion to Stay Pending Arbitration. Stipulation & Order Regarding Limited Discovery, ¶ 6, ECF No. 29. The Stipulation was signed by this Court and filed as an order. Plaintiff is bound by its terms. See Stefaniw v. Cerrone, 130 A.D.2d 483, 483-84, 515 N.Y.S.2d 66 (N.Y. App. Div. 2d Dep't 1987) ("Although the stipulation was not actually signed by the defendant, it was prepared by the defendant's attorney and proffered to the plaintiffs' attorney. The plaintiffs' attorney executed the stipulation without modification and returned it to the defendant's attorney. Under these circumstances, we conclude that the terms of the stipulation are binding upon the defendant despite the absence of the defendant's signature or that of his attorney.").

Lastly, Plaintiff has not explained why she could not offer any of the alleged new evidence in opposition to Defendant's Motion. She had ample opportunity to submit an affidavit or other evidence to oppose the motion but made no effort to do so. "A motion for reconsideration is 'not a vehicle for re[-]litigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.' " Sea Trade Mar. Corp. v. Coutsodontis, No. 09-CV-488 (LGS), 2017 U.S. Dist. LEXIS 57555, at *1 (S.D.N.Y. Apr. 14, 2017) (citation omitted); see also De Los Santos v. Fingerson, No. 97-CV-3972 (MBM), 1998 WL 788781, at * 1 (S.D.N.Y. Nov. 12, 1998) ("[T]he proponent of a motion for reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings."). Accordingly, Plaintiff's request should be denied.

Very truly yours,

JACKSON LEWIS P.C.

Joshua A. Sliker

cc: John T. Brennan, Esq. (via ECF)

The Court is in receipt of the parties' submissions regarding Plaintiff's request for a pre-motion conference. In light of the stay in this case, the arbitrator should decide the issue of defense counsels' disqualification. Accordingly, Plaintiff's request is DENIED. The Clerk of Court is directed to terminate the motion appearing at Docket Entry #35.

Dated: July 26, 2018
      New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE