UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAMELA JOHNSTON,

                Plaintiff,

      -v.-

ELECTRUM PARTNERS, LLC and
LESLIE BOCSKOR,

               Defendants.

17 Civ. 7823 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    On June 21, 2018, the Court granted Defendants' motion to stay this action pending the outcome of a parallel proceeding in the District of Nevada and any ensuing arbitration. (Dkt. #34). The Court ordered the parties to provide joint status updates on the Nevada proceedings every 90 days. (*Id.*). Initially, the parties complied with this directive. (*See, e.g.*, Dkt. #38-44). On May 26, 2020, the Court permitted Joshua Alan Sliker and John A Snyder II of Jackson Lewis P.C. to withdraw as counsel for Defendants. (Dkt. #52). From that point forward, the Court made Plaintiff solely responsible for submitting the status reports. (*See, e.g.*, Dkt. #53 (noting that the parties did not submit the status update due in June 2020 and ordering Plaintiff to provide that update on or before July 13, 2020)).

    Shortly thereafter, Plaintiff began a troubling pattern of failing to comply with the Court's orders. For example, Plaintiff missed her May 5, 2021 status update deadline. (Dkt. #60). The Court reset that deadline and "admonished [Plaintiff] to be more mindful of the Court's orders[.]" (*Id.*). Despite this

warning, Plaintiff failed to file a status update in November 2021. (Dkt. #63). Again, the Court extended Plaintiff's deadline, but cautioned that Plaintiff's "continued failure to comply with the Court's orders will not be tolerated." (*Id.*). Plaintiff did not meet the extended deadline. (Dkt. #64). The Court advised Plaintiff that it considered dismissing the action pursuant to Federal Rule of Civil Procedure 41(b), but gave Plaintiff a "final opportunity" to provide the update. (*Id.*). The Court explicitly noted that failure to provide that update would result in dismissal of the case with prejudice. (*Id.*). Plaintiff eventually provided that update on February 2, 2021, two days after the twice-revised deadline. (Dkt. #65). The Court accepted the late submission and repeated its familiar admonition: "[N]o further warnings will be issued. Plaintiff's failure to provide an update by the Court's deadline will result in dismissal of this case." (*Id.*).

The present Order is prompted by Plaintiff's failure, yet again, to timely file a status update. On May 31, 2022, the Court ordered Plaintiff to file an update on or before October 1, 2022, and noted that "failure to comply with the Court's orders will result in dismissal of the case." (Dkt. #66). Nearly one month after the deadline, Plaintiff has still not complied with that directive.

Courts may dismiss an action due to a plaintiff's failure to comply with court orders. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Link* v. *Wabash R.R. Co.*, 370 U.S. 626, 629

(1962) (recognizing federal courts' inherent authority to dismiss for the same reasons). A district court considering such a dismissal must weigh five factors:

> [i] [T]he duration of the plaintiff's failure to comply with the court order, [ii] whether plaintiff was on notice that failure to comply would result in dismissal, [iii] whether the defendants are likely to be prejudiced by further delay in the proceedings, [iv] a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and [v] whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste* v. *Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas* v. *Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). No single factor is dispositive. *Nita* v. *Conn. Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

Each of the five factors articulated in *Baptiste* supports dismissal of this action. Plaintiff has consistently missed status update deadlines since May 2021. This pattern of non-compliance has persisted despite the Court's repeated and explicit notices that failure to meet court-ordered deadlines would result in dismissal. (*See* Dkt. #64, 65, 66). Further, dismissal will neither prejudice Defendants nor deprive Plaintiff of her right to be heard, as the parties are already litigating the merits of this action in the pending Nevada proceedings. And finally, the Court has considered — and attempted to implement — less drastic sanctions in the form of warnings. Those admonitions had no effect on Plaintiff's behavior in this litigation. The Court has generously provided Plaintiff with warnings and deadline extensions. That generosity has reached its limit. It is finally time for this long-pending case to come to an end.

Accordingly, the Court DISMISSES this action with prejudice. The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:  November 1, 2022
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge